█ In the Matter of MONIQUE SIMONE R., LENORE GITTIS, as Law Guardian, Appellant; ALBERT BELINFANTE et al., Intervenors-Appellants; WILLIAM R. et al., Respondents. — In a proceeding pursuant to section 384-b (subd 4, par [b]) of the Social Services Law, etc., to terminate parental rights, (1) the Law Guardian, on behalf of the child, appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Deutsch, J.), dated July 1, 1982, as directed initiation of appropriate action to transfer custody of the child to the respondent father, and (2) the intervenor foster parents appeal, as limited by their brief, from so much of said order as directed transfer of custody of the child and dismissed the petition against the natural father. Order reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, the child is adjudicated to be abandoned, and the matter is remitted to the Family Court, Kings County, for an immediate dispositional hearing. On the record, abandonment was proven by clear and convincing evidence (*Santosky v Kramer,* 455 US 745; *Matter of Ricky Ralph M.,* 56 NY2d 77). Monique R. was born out of wedlock on July 10, 1980. The birth certificate identified respondent William R. (hereinafter respondent) as the child's father. On August 14, 1980 the Commissioner of Social Services received custody of the child from the hospital and thereafter transferred custodial responsibilities for her to the petitioner agency Brookwood Child Care. After writing several letters, the agency was able to contact respondent's mother who informed it of respondent's whereabouts. Respondent was a member of the United States Army and was stationed in Fort Benning, Georgia. On December 23, 1980, while home on leave, respondent visited the agency with his mother to discuss the child's future. Respondent was informed that he must plan for the child's future, arrange for support payments and keep in touch with the agency or the child would be placed for adoption. The social worker also suggested that he commence a filiation proceeding to establish paternity. Respondent was given the telephone number and name of the Department of Social Services worker to contact and arrange for support payments. Respondent indicated that he wanted the child but that he could neither plan for her at that time nor visit her regularly. The agency did not hear from respondent again until the filing of the petition under review, despite the fact that the agency wrote two letters to him explaining that he must plan for the child and provide support. A

stamped self-addressed envelope was enclosed in the first letter, yet respondent never wrote back. Respondent testified that he called the agency but that the caseworker was not there. The agency had no record of that call. Respondent also testified that he contacted his mother after receiving each of the two letters and asked her to contact the agency. Respondent's mother never did so. For a period of more than six months respondent failed to visit with the child, to communicate either with the child or the agency, or to provide support for the child. At the time of the fact-finding hearing, on May 20, 1982, Monique was almost two years old, yet respondent had only seen her once, on December 23, 1980. In addition, respondent was unable to explain why he did not provide support for the child. Clearly on this record there has been "a withholding of interest, presence, affection, care and support" on the part of respondent (*Matter of Corey L v Martin L,* 45 NY2d 383, 391). We therefore hold that under paragraph (b) of subdivision 4 and subdivision 5 of section 384-b of the Social Services Law respondent has abandoned the child. Mollen, P. J., Lazer, Mangano and Boyers, JJ., concur.